UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

YOSVANI LEYVA ESPINOSA,

    Plaintiff,

vs.

AG CONTRACTORS FL, LLC., and
ARMANDO O. MUNS SR., individually, and
ARMANDO O. MUNS JR., individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff Yosvani Leyva Espinosa ("Plaintiff"), by and through undersigned counsel, hereby sues AG Contractors FL, LLC ("AG"), Armando O. Muns Sr. ("Muns Sr.") and Armando O. Muns Jr. ("Muns Jr.") (jointly "Defendants"), and for its complaint alleges as follows:

### Introduction

1. This is an action by Plaintiff against his former employers for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Plaintiff seeks damages, a reasonable attorneys' fee and costs, to the extent allowable by law.

### Jurisdiction and Venue

2. Plaintiff resides in Miami-Dade County, Florida, where he was employed by Defendants.

3. AG is a Florida corporation with its principal place of business in Miami-Dade, Florida.

4. Upon information and belief, Muns Sr. resides in Miami-Dade County, Florida.

5. Upon information and belief, Muns Jr. resides in Miami-Dade County, Florida.

6. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## Parties and General Allegations

7. AG is a construction Company.

8. Upon information and belief, AG's annual volume of sales or business exceeded $500,000 during the relevant period.

9. As part of its business, AG purchases goods and materials that travel through interstate commerce. These goods and materials are used at the various construction sites.

10. AG obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

11. AG, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

12. AG is an employer engaged in interstate commerce and subject to the FLSA.

13. Plaintiff was hired by Defendants in or around early November 2016 as a Laborer.

14. Defendants provided Plaintiff with the work tools needed to perform his duties.

15. Plaintiff did not use any personal work tools while employed by Defendants.

16. In addition, Defendants provided Plaintiff several long sleeved work shirts bearing AG's logo, website information, and telephone number.

17. Plaintiff ceased working for Defendants around mid-February 2017.

18. During Plaintiff's employment with Defendants, he consistently worked over fifty (50) hours a week.

19. Despite regularly working overtime hours, Defendants, in violation of the Fair Labor Standards Act (FLSA), did not compensate Plaintiff for his overtime hours at the rate of time-and-a-half his regular rate of pay.

20. Defendants failed to keep proper time records demonstrating the hours worked by Plaintiff.

21. Plaintiff has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

## COUNT I

### OVERTIME VIOLATION BY AG UNDER THE FAIR LABOR STANDARDS ACT

22. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint above as if fully set forth herein.

23. As part of its business, AG purchases goods and materials that travel through interstate commerce. These goods and materials are used at the various construction sites.

24. AG obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce.

25. AG, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

26. AG is an employer engaged in interstate commerce and subject to the FLSA.

27. During his employment with AG, Plaintiff consistently worked over 50 hours per week.

PERERA LAW GROUP, P.A.
13903 NW 7th AVENUE · SUITE 330 · MIAMI LAKES, FLORIDA 33014 · PHONE (786) 485.5232 · FAX (786) 485.1519

28. AG, however, did not compensate Plaintiff for his overtime hours at the rate of time-and-a-half his regular rate of pay.

29. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

30. In addition, AG is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against AG under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

### OVERTIME VIOLATIONS AGAINST MUNS SR. UNDER THE FAIR LABOR STANDARDS ACT

31. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint above as if fully set forth herein.

32. At all relevant times, Muns Sr. has been an owner and operator of AG.

33. During all relevant periods, Muns Sr. operated the day-to-day activities of AG, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

34. Muns Sr. hired Plaintiff.

35. Muns Sr. was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

36. During his employment with Defendants, Plaintiff consistently worked over 50 hours per week.

37. Defendants, however, never compensated Plaintiff for his overtime hours at the rate of time-and-a-half his regular rate of pay.

38. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

39. Muns Sr. is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Muns Sr. under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT III

### OVERTIME VIOLATIONS AGAINST MUNS JR. UNDER THE FAIR LABOR STANDARDS ACT

40. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 21 of his Complaint above as if fully set forth herein.

41. During all relevant periods, Muns Jr. operated the day-to-day activities of AG, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

42. Muns Jr. was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

43. During his employment with Defendants, Plaintiff consistently worked over 50 hours per week.

44. Defendants, however, never compensated Plaintiff for his overtime hours at the rate of time-and-a-half his regular rate of pay.

45. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

46. Muns Jr. is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Muns Jr. under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff his attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  February 21, 2017								Respectfully submitted,


											By: */s/ J. Freddy Perera*
											J. Freddy Perera, Esq.
											Florida Bar No. 93625
											freddy@pereralaw.com
											PERERA LAW GROUP, P.A.
											13903 NW 67th Ave, Suite 330
											Miami Lakes, Florida 33014
											Telephone: 786-485-5232
											Fax: 786-485-1519

											Counsel for Plaintiff